UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BENJAMIN LOVETT, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 13-4539 |
| v. | : | Memorandum Opinion |
| BOROUGH OF CLEMENTON, et al., | : | |
| Defendants. | : | |

This matter having come before the Court on Defendant Borough of Clementon's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) (5), Fed. R. Civ. P. 4(m), and L. Civ. R 41.1a; and

The Court having considered the submissions of the parties as well as the arguments advanced at the hearing on October 15, 2014; and

The Court noting that this matter was filed on July 26, 2013 by attorney William H. Buckman, Esquire[1] and that the 120-day service period expired on November 23, 2013; and

The Court further noting that a Notice of Call for dismissal pursuant to L. Civ. R. 41.1(a) was published by the Clerk for failure to serve the Complaint and that such notice caused Mr. Buckman to respond in Certification [Dkt. No. 4] that he did not file and/or authorize the filing of the present Complaint; and

The Court further noting that although Mr. Buckman withdrew as counsel and new counsel, Stephen T. O'Hanlon, Esquire, entered an appearance, to date, the

---

[1] At the time the Complaint was filed, the Lovetts were represented by Patrick Geckle, Esquire, an attorney licensed in Pennsylvania. Mr. Buckman was an attorney licensed to practice in New Jersey. According to Mr. Buckman's Certification and Mr. Geckle's Affidavit, there is a significant dispute as to whether Mr. Buckman ever agreed to file the Lovett's Complaint.  See Buckman Certifications, dated January 17, 2014 and February 27, 2014 [Dkt. Nos. 4, 6]; Geckle Affidavit, Pl. Opp. Brief, Ex. A. Mr. Buckman died on or about October 13, 2014.

Complaint has yet to be served upon Defendants in violation of Fed. R. Civ. P. 4(m)[2]; and

The Court finding that, in light of Mr. Buckman's assertion that he did not authorize the filing of the Complaint under his signature, the Complaint violates Fed. R. Civ. P. 11(a) and L. Civ. R. 11.1 in that it fails to contain the signature of "the attorney of record who is a member of the bar of this Court[.]" L. Civ. R. 11.1[3]; and

The Court further finding that although the record demonstrates confusion between counsel as to the initial filing of the Complaint, no corrective action has been taken in the year and two months since the Complaint was filed, or even after Defendants filed the present motion to dismiss on April 11, 2014.  In addition, the record

---

[2] By way of letter dated October 16, 2014, counsel for Plaintiff Stephen T. O'Hanlon, Esquire appends several letters to members of the Clementon Borough Administration that include the initial pleadings and a Waiver of Service of Summons. See Dkt. No. 13. The letters are dated February 28, 2014 and appear to be sent following Mr. O'Hanlon's entry of appearance on behalf of Plaintiff.  The Waivers were never executed and there is nothing in the record that demonstrates that the Plaintiff, or Plaintiff's counsel followed up on service or made any additional inquiries into the lack of service.  As the record stands, Defendants were never properly served with the Complaint.

[3] In addition, the Court has also considered the "Poulis factors." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  Although some do not apply, the Court finds that Plaintiff's counsel bears the responsibility here of failing to properly prosecute this case and that the alleged confusion does not excuse Plaintiff's counsel from ensuring that service was made properly within the time limit.  The Court notes that not all factors need be satisfied to warrant dismissal and given the extraordinary delay in service, which continues to exists, dismissal is warranted. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

is devoid of good cause[4] as to the lack of action with respect to correcting the existing deficiencies by properly filing and serving the Complaint[5]; as a result,

    Defendants' Motion to Dismiss [9] is granted.


    DATED: November 3, 2014


                                                s/ Joseph H. Rodriguez
                                                Hon. Joseph H. Rodriguez,
                                                UNITED STATES DISTRICT JUDGE

---

[4] Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Absent a showing of good cause, the Court may exercise its discretion either to give additional time or to dismiss the action. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). A showing of "good cause" under Rule 4(m) is equivalent to the "excusable neglect" standard under Fed. R. Civ. P. 6(b)(2). In this regard, Plaintiff must demonstrate a good faith effort to serve Defendants within the prescribed time limit. MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting Petrucelli, 46 F.3d at 312 (Becker, J., concurring in part and dissenting in part)).

    Here, Plaintiff cannot make such a showing. First, even assuming Mr. Buckman agreed to file the Lovett's Complaint, the record is devoid of any follow up by Mr. Geckle. Second, Mr. O'Hanlon's attempt at service on February 28, 2014 is, at best, "half-hearted" and insufficient to demonstrate good cause. Pezza v. Wells Fargo Bank, N.A., 09-CV-2097, 2009 WL 4282122, *2 (D.N.J. Nov. 30, 2009).

[5] Plaintiff contends that no harm or prejudice results as to Defendants if an extension of time is granted; the Court disagrees. Not only did Defendants delineate sufficient prejudice during the October 15, 2014 hearing, but given that Plaintiff "filed" the Complaint near the end of the limitations period for the action, it has been over three years since the alleged violations took place. In that time, Defendants have not been properly served or given sufficient notice. While Plaintiff provides documentation that Defendants were aware of a potential action during this time, proper notice is lacking.

    Moreover, the Court is aware that a dismissal in this action bars recovery for Plaintiff given the expiration of the statute of limitations. The Court has considered this factor in its determination. See Petrucelli, 46 F.3d at 1306.